HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS INC.,

        Plaintiff,

    v.

HAROLD SMITH & SON, INC., a
California corporation,

        Defendant.

Case No.  2:20-cv-00205-RAJ

ORDER

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's motion for default judgment.  Dkt. # 8.  Having reviewed the record, the Court **GRANTS** the motion and directs the clerk to enter default judgment as directed at the end of this Order.

## II.   BACKGROUND

Plaintiff Northwest Administrators Inc. is the authorized administrative agency for and the assignee of the Western Conference of Teamsters Pension Trust Fund ("Trust").  Dkt. # 1 ¶ 1.  The Trust provides retirement benefits to eligible participants.  *Id.* ¶ 2.  Defendant Harold Smith & Son Inc., a California corporation, entered a collective bargaining agreement with Local 315 of the International Brotherhood of Teamsters.  *Id.* ¶¶ 5-6.  Under that agreement, Defendant is required to report and pay monthly

ORDER – 1

contributions to the Trust.  *Id.* ¶ 6.  The agreement further provides that Defendant shall pay 20 percent of all delinquent contributions to the Trust as liquidated damages.  *Id.* ¶ 7. Defendant shall also pay interest, attorney's fees, and costs that the Trust incurs in obtaining Defendant's unpaid obligations.  *Id.*

Plaintiff is now suing Defendant for failing to pay its Trust contributions on time. Plaintiff claims that Defendant was late for two contribution periods, November 2019 and December 2019.  Dkt. # 8 ¶ 11.  For the November 2019 period, Defendant's contribution was due on December 10, 2019, but it was ultimately received months later, on February 21, 2020.  Dkt. # 9-1 at 18.  For the December 2019 period, Defendant's contribution was due on January 10, 2020, but it was ultimately received more than a month later, on February 24, 2020.  *Id.*  For these late payments, Plaintiff seeks liquidated damages, interest, attorney's fees, and costs.  Dkt. # 8 ¶¶ 11-12.

Plaintiff filed a complaint in this Court on February 10, 2020.  Dkt. # 1. Defendant's registered agent, Pam Raybould, was properly served on February 20, 2020. Dkt. # 5.  Defendant failed to respond to the complaint, and Plaintiff moved for an entry of default on March 30, 2020.  Dkt. # 6.  The Clerk granted the motion and entered default the next day.  Dkt. # 7.  Plaintiff has since moved for default judgment, Dkt. # 8, and Defendant has again failed to respond.

### III.  LEGAL STANDARD

At the default judgment stage, a court presumes all well-pleaded factual allegations are true, except those related to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  The entry of default judgment under Rule 55(b) is "an extreme measure," and disfavored cases should be decided on their merits whenever reasonably possible.  *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits a court to enter

ORDER – 2

default judgment when a plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving a court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," then the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable, and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics*, No. 2:13-cv-00626-JLR, 2014 WL 358412, at *2 (W.D. Wash. Jan. 31, 2014). In determining damages, a court can rely on declarations submitted by a plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010). Where there is evidence establishing a defendant's liability, a court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Because deciding for or against default judgment is within a court's discretion, a defendant's default does not de facto entitle a plaintiff to a court-ordered judgment. *Curtis v. Illumination Arts, Inc*., 33 F. Supp. 3d 1200, 1210-11 (W.D. Wash. 2014).

## IV.  DISCUSSION

Plaintiff's evidence establishes that Defendant was indeed delinquent in paying its Trust contributions for the November 2019 and December 2019 periods. Dkt. # 8 ¶ 11; Dkt. # 9 ¶ 12; Dkt. # 9-1 at 18. Under the Western Conference of Teamsters Pension Trust Agreement and Declaration of Trust, if Defendant is delinquent in payment, it must pay liquidated damages equal to twenty percent of delinquently paid contributions, interest on the amount due, as well as attorney's fees and costs. Dkt. # 9-1 at 5. The interest rate at the time the contributions were due was five percent per annum. Dkt. # 8-1 at 6.

For the November 2019 period, Plaintiff's evidence shows that Defendant owed

ORDER – 3

$19,115.25 on December 10, 2019.  Dkt. # 9-1 at 18.  But Defendant was delinquent and paid that amount months later, on February 21, 2020, incurring liquidated damages at the rate of 20 percent on the amount due.  *Id.*  Similarly, for the December 2019 period, Defendant owed $13,349.00 on January 10, 2020.  *Id.*  Defendant was delinquent yet again and paid that amount more than a month later, on February 24, 2020, incurring liquidated damages of 20 percent on the amount due.  *Id.*  In total, Plaintiff has shown that Defendant owes $6,492.85 in liquidated damages.  *Id.*  Moreover, Plaintiff has also shown that given a rate of 5 percent per annum, Defendant owes interest in the amount of $273.44.  *Id.*

Finally, Plaintiff has presented evidence of attorney's fees and costs.  Dkt. # 8-1 at 8.  In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the Court awards the hourly fees of both Plaintiff's counsel and counsel's hourly-billing support staff.  The Court finds that Plaintiff's evidence supports an attorney fee award of $888 and costs of $495.  Dkt. # 8-1 at 8.

## V.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that:

(1) Default judgment is entered in favor of Northwest Administrators Inc. and against Harold Smith & Son Inc., and

(2) Default judgment is for the total amount of $8,149.29.

DATED this 13th day of January, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4